IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFTON L. BOARD and SHARON BOARD, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )   CIVIL NO.  07-620-GPM<br>) |
| CRISTY R. GILPIN, | )<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs filed this action under diversity jurisdiction, asserting state law claims for injuries allegedly resulting from Defendant's negligent operation of her motor vehicle. On its own motion, the Court ordered Plaintiffs to file an Amendment to the Complaint to cure certain deficiencies in their jurisdictional allegations. Plaintiffs filed their Amendment to the Complaint on September 13, 2007, and this Court's subject matter jurisdiction is established.

On October 15, 2007, Defendant filed a motion to dismiss and supporting memorandum of law. This motion is without merit; therefore, the Court denies it before Plaintiffs expend any time fashioning a response.

Defendant moves to dismiss the "amended complaint" under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have pleaded themselves out of Court by stating in the "original complaint" that "plaintiff was not lawfully present on the Interstate" because "[p]edestrians are prohibited from access to or walking along such controlled access highways." Defendant further

contends that "Plaintiffs apparently realized their mistake and filed an amended complaint which removed all factual allegations in their entirety. Setting aside the potential Rule 11 implication, the amended complaint fails to allege any facts which state a claim for relief that is plausible on its face or facts which would provide sufficient notice to the defendant of plaintiffs' claims."

As recited above, Plaintiffs filed a complaint and an amendment to the complaint, which clarifies this Court's jurisdiction. Defendant's reference to an original complaint and an amended complaint mischaracterizes the record.[1] Defendant's argument that the "amended complaint" fails to state a claim because it is devoid of factual allegations is simply wrong.

Under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, No. 06-3817, 2007 WL 2389770, at *3 (7th Cir. Aug. 23, 2007).

> The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). There is no need for detailed factual allegations. *Conley*, 355 U.S. at 47, 78 S. Ct. 99. However, the statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir.2007).

*Pisciotta*, 2007 WL 2389770, at *3 (noting that the court applies the same standard to a Rule 12(c) motion as applied to a Rule 12(b)(6) motion). Plaintiffs' complaint specifically states that Plaintiff Clifton Board was lawfully alongside the roadway (Doc. 3, p. 2, ¶ 7). This is not a matter that the Court can determine under Rule 12(b)(6).

---

[1] Under the circumstances, the Court finds it remarkable that Defendant would allude to Federal Rule of Civil Procedure 11.

For these reasons, Defendant's motion to dismiss (Doc. 10) is **DENIED**, and Plaintiffs are relieved of their obligation to file a response to the motion.

**IT IS SO ORDERED.**

DATED: 10/16/07

                                           s/ G. Patrick Murphy
                                           G. Patrick Murphy
                                           United States District Judge